# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **LEROY WHITE,** | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | ) |
| | )    5:02-cv-00524-KOB |
| **RICHARD ALLEN, Commissioner** | ) |
| **Alabama Department of Corrections,** | ) |
| | ) |
|    Respondent. | ) |

## MEMORANDUM OPINION

Before the court are the motions of Petitioner Leroy White for relief from the judgment of this court (doc. 33) and for a stay of his execution date (doc. 37).[1] Upon consideration, for the reasons stated below, the court finds that both motions are due to be denied.

## I.   BACKGROUND

White initially filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254(d) in 2002. (Doc. 1 ("the petition")). Upon request of the parties, and for good cause, the court bifurcated consideration of the issues presented. Initially, the court addressed the issue of whether the Alabama Court of Criminal Appeals unreasonably found that the petitioner was not denied ineffective assistance of counsel when his trial counsel asserted that he was not guilty of capital murder because he did not commit a burglary. Specifically, this court found that the determination of the State court was not unreasonable, and that the petitioner was not entitled to any relief. (Doc. 25).

The court then afforded the parties an opportunity to brief the remaining issues presented

---

[1] References herein to "Doc. ___" are to the electronic document numbers assigned by the Clerk of the Court.

in the petition. Thereafter, the court again determined that the petitioner was not entitled to any relief. (Doc. 31). The court entered a final order on June 26, 2009, denying the petitioner any relief. (Doc. 32). No appeal was filed.

On July 13, 2010, the State filed a motion with the Alabama Supreme Court to set an execution date for the petitioner. (Doc. 37 at 2). According to the petitioner's motion, he then immediately contacted the Equal Justice Initiative ("EJI"), who agreed to provide him with representation. (*Id.*)

On August 2, 2010, counsel from the EJI filed a "Motion for Relief from Judgment Pursuant to Fed. R. Civil. P. 60(b)(6)." (Doc. 33). The court entered an order requiring the respondent to appear and show cause why the requested relief should not be granted. (Doc. 34). The respondent filed a response opposing the petitioner's motion for relief. (Doc. 35).

On December 2, 2010, the Alabama Supreme Court set an execution date of January 13, 2011. (Doc. 36-1). On December 17, 2010, EJI counsel filed a "Motion for Stay of Execution." (Doc. 37). The motion has been briefed by the parties. (Doc. 38 & 39).

II.   DISCUSSION

    A.   Rule 60(b)(6) Motion

        1.   The Parties' Contentions

The petitioner requests that the court "vacate and reinstate the judgment issued in this case on June 26, 2009 for the purpose of commencing a new 30-day period for filing a notice of appeal." (Doc. 33 at 1). He asserts that he is entitled to this relief "because, unbeknownst to him, his volunteer lawyers abandoned him." (*Id.*) More specifically, his new attorneys state:

    Not only did these [former] attorneys fail to notify Mr. White that they intended to

> discontinue representing him, they failed to notify *this Court* of their desire to withdraw from the case, in direct violation of the Northern District of Alabama Local Rules. Moreover, these attorneys failed to file a notice of appeal on Mr. White's behalf despite his desire to continue pursuing federal habeas relief from his capital murder conviction and death sentence.

(*Id*. at 1-2). In support of these contentions, the petitioner states that while his petition was pending in this court, he was represented by five attorneys: Matthew G. Dobson, Jill Pogach Michaels, Gerald James Benoit, Jr., and Samuel P. Puleo, all from the Maryland-based firm of Saul Ewing, LLP; and Richard A. Kempaner of Huntsville, Alabama. Dobson filed a motion to withdraw from representation of the petitioner and it was granted by the court in 2007. (See March 28, 2007 Docket Entry).

As of June 26, 2009, the petitioner's counsel of record included Michaels, Benoit, Puleo, and Kempaner. The Memorandum Opinion and Final order of June 26, 2009, were electronically served on Benoit and mailed to Michaels, Puleo, and Kempaner. (Doc. 31 & 32). No indication in the record reflects that any of the notices were not received or returned to the Clerk of the Court. As noted above, no appeal of the final judgment was filed.

The petitioner offers *no evidence* in support of his contention that counsel abandoned him and that he was "completely unaware that this Court issued an opinion denying habeas relief in his case." (Doc. 33 at 4). The petition asserts, in conclusory fashion, that, "until July 13, 2010, when he received a copy of the State's motion to set his execution date, [he] believed that his case was still pending in this Court and that he was represented by attorneys at Saul Ewing." (*Id*.)

The respondent asserts that the petitioner is not entitled to any relief because the filing of an appeal is jurisdictional. Additionally, he asserts that reopening the time for filing an appeal

3

would prejudice the respondent by delaying the administration of a "duly adjudicated sentence." (Doc. 35 at 8).

### 2. Analysis

In *Ramsey v. Walker*, 304 Fed. Appx. 827, 828 (11th Cir. 2008), the Eleventh Circuit noted that "[t]he catchall provision of Rule 60(b) authorizes relief from judgment based on 'any other reason that justifies relief.' FED. R. CIV. P. 60(b)(6)." The Court further stated that "[m]otions under Rule 60(b)(6) must be filed within a 'reasonable time ... after the entry of the judgment or order.' FED. R. CIV. P. 60(c)(1)." *Id*. "[W]hat constitutes a reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay. *Lairsey v. Advance Abrasives Co*., 542 F.2d 928, 930 (5th Cir. 1976)."[2] *Id*. The burden of proof on such a motion rests with the movant. *United States v. Harrison County, Miss*., 463 F.3d 1328, 1330 (5th Cir. 1972). In considering the motion, the court must also remember that this remedy is intended "only for extraordinary circumstances." *Toole v. Baxter Healthcare Corp*., 235 F.3d 1307, 1316 (11th Cir. 2000).

While no question exists that the matters presented in cases such as this one oftentimes are the most compelling the court must face, that consideration alone cannot serve as a basis for excusing a party's responsibility in presenting evidence in support of its claim. The petitioner's allegations are compelling; however, he has offered *no evidence* in support of his contentions. Despite the fact that "new" counsel has been on the case for over four months, the petitioner has

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

not offered any affidavit or other evidence in support of his contentions. Granting the requested relief without any evidentiary support would severely undercut the requirement of timely notice of appeal from denial of relief. This concern is particularly true where the petitioner waited over one year before filing his motion.[3]

To the extent that the petitioner relies on *Zeigler v. Wainwright*, 805 F.2d 1422, 1426 (11th Cir. 1986), the court is not convinced. In *Zeigler*, after the petitioner's habeas corpus petition was dismissed and no appeal was filed, he moved for relief from the judgment pursuant to Rule 60(b) to allow the filing of an amended petition so that the judgment could be reentered and a timely appeal could be taken. He asserted that his counsel's performance was constitutionally deficient because Florida law created the Officer of Capital Collateral Representative that was handling his case. In remanding the case for the lower court to vacate its judgments and allow the petitioner to proceed, the Eleventh Circuit stated:

> The case presents interesting issues, but several matters, not directly on the merits of the issues, are apparent. It is apparent that for one or many reasons the petitioner, William Thomas Zeigler, Jr., *has never had his federal habeas corpus claims effectively presented and fully considered in federal court.* Confusion, misunderstanding, inadvertence, changes in representation, recalcitrant counsel-all may have contributed to the failure to afford Zeigler the full panoply of rights to which he is entitled.
>
> On this record, we need not assign or focus on fault. Nor do we create a right to effective assistance of counsel in habeas corpus cases where the death penalty is involved. Instead, we focus on due process of law and the orderly and efficient administration of justice. Among the principles that guide us in this case are the following:
>
>> The writ of habeas corpus is the fundamental instrument for

---

[3]The court notes the length of the delay because it demonstrates the petitioner's lack of diligence in communicating with counsel. Nothing of record suggests that the petitioner attempted to get in contact with any of his counsel during this period.

5

> safeguarding individual freedom against arbitrary and lawless state action. Its pre-eminent role is recognized by the admonition in the Constitution that: 'The Privilege of the Writ of Habeas Corpus shall not be suspended....' U.S. Const., Art. I, § 9, cl. 2. The scope and flexibility of the writ-its capacity to reach all manner of illegal detention-its ability to cut through barriers of form and procedural mazes-have always been emphasized and jealously guarded by courts and lawmakers. The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.
>
> *Harris v. Nelson*, 394 U.S. 286, 290-91, 89 S. Ct. 1082, 1086, 22 L. Ed. 2d 281 (1969).

*Zeigler*, 805 F.2d at 1426 (emphasis added). Unlike the circumstances in *Zeigler*, where no substantive review occurred, the petitioner's claims in this case were fully presented and reviewed. The court entered two lengthy memorandum opinions addressing the issues presented. He has presented nothing demonstrating that the court's holdings are erroneous, particularly under the deferential standards of review. *See* 28 U.S.C. § 2254(d). Accordingly, the court finds that the petitioner's motion for relief from the judgment (doc. 33) is due to be denied.

  **B.** **Motion to Stay**

In his motion to stay the execution, the petitioner asserts that his sentence should be stayed because he has not yet completed his federal habeas corpus review process. (Doc. 37 at 4). In support of his contention, the petitioner refers to the improper conduct of his "former" counsel. The respondent replies that the motion should be denied for two reasons: first, the petitioner has not shown a likelihood of success on the merits of his Rule 60(b) motion; and second, he has not shown a likelihood of success on the merits if he were granted an out-of-time appeal. (Doc. 38 at 2). Finally, the petitioner retorts that the respondent's arguments are not

persuasive concerning application of the Rule 60 motion and the respondent is wrong concerning the applicable law regarding the granting of a stay. (Doc. 39).

### 1.     Generally

A stay of execution is an equitable remedy. "It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584, 126 S. Ct. 2096 (2006) (citing *Nelson v. Campbell*, 541 U.S. 637, 649-650, 124 S. Ct. 2117 (2004)). In *Hill*, the Supreme Court stated that "like other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, *including a showing of a significant possibility of success on the merits*." *Id.*, 547 U.S. at 584 (emphasis added).

The petitioner argues that "Federal courts must grant a stay of execution irrespective of the merits when necessary to ensure that a capital defendant is afforded the full panoply of procedural protections provided by the federal writ of habeas corpus." (Doc. 39 at 5 (citing *Lonchar v. Thomas*, 517 U.S. 314, 416, 116 S. Ct. 1293 (1996) and *McFarland v. Scott*, 512 U.S. 849, 852, 114 S. Ct. 2568 (1994)). However, he overstates the applicable holding in *Lonchar*, which provides:

> If the district court cannot dismiss the petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot. That is, if the district court lacks authority to directly dispose of the petition on the merits, it would abuse its discretion by attempting to achieve the same result indirectly by denying a stay. Of course, a district court is authorized to dismiss a petition summarily when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," Habeas Corpus Rule 4, just as a court of appeals is not required to address an appeal that fails to meet the certificate of probable cause

> standard of a "substantial showing of the denial of a federal right," see *Barefoot* [*v. Estelle*], 463 U.S. [880], at 893-894, 103 S. Ct. [3383], at 3394 [(1983)]. And, as is also true of consideration of appeals, a district court may, within the constraints of due process, expedite proceedings on the merits. *Id.*, at 894-895, 103 S. Ct. at 3395.

*Lonchar*, 517 U.S. at 320. In *McFarland*, the Supreme Court stated that the discretion afforded a district court includes the ability to stay an execution while the petitioner's appointed counsel is evaluating the merits of filing a habeas corpus petition. 512 U.S. at 857-858.

Accordingly, the relevant question is whether the petitioner has made a showing of a significant possibility of success on the merits. The court finds that he has not.

### 2. Rule 60(b) Motion

The petitioner relies on the arguments asserted in his Rule 60(b) motion to justify the issuance of a stay. (Doc. 39 at 1-5). Specifically, he argues that his counsel abandoned him and he has done everything he can subsequent to that abandonment to advance his case. (*Id*. at 1). However, for the reasons stated above, the court finds these conclusory contentions insufficient to grant a stay in that conclusory statements are not an adequate showing of anything.

### 3. The Merits on Appeal

In support of a stay pending an appeal, the petitioner further asserts, as noted above, that the standard espoused by the respondent – a showing of a significant possibility of success on the merits – is incorrect. (Doc. 39 at 6-7). He offers no substantive review or analysis concerning the merits of any appeal. He does not specify what issues will be raised. He fails to argue, much less demonstrate, any error in the findings and conclusions of this court. Accordingly, the court finds that the motion for a stay is due to be denied.

### III.   CONCLUSION

Premised on the foregoing, the undersigned finds that the petitioner's motions for relief from the June 26, 2009 judgment (doc. 33) and for a stay of execution (doc. 37) are due to be denied.  The court will enter an appropriate order simultaneously.

**DONE** this 4th day of January 2011.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE